UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE THE MATTER OF THE COMPLAINT
of PHILIP POWELL AND JOHN HAGMAN
AS OWNERS OF THE 2018 15'
ALUMITECH AIRBOAT, HIN
A0N02673C818, its ENGINES,
TACKLE, APPURTENANCES, EQUIPMENT, ETC.,
For EXONERATION FROM OR LIMITATION OF
LIABILITY,

    Petitioners.

                         CASE NO. 8:23-cv-163-KKM-TGW

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the Petitioner's Motion for Default Judgment (Doc. 18). A response in opposition has not been filed and the time to do so has passed. For the reasons discussed, I recommend that the motion be granted.

I.

The petitioners initiated this matter pursuant to 46 U.S.C. § 30501 and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, claiming the right to exoneration from or limitation of liability for all claims arising out of an incident involving the vessel at issue (see Doc. 1). Thus, the petitioners state that the incident

occurred on July 15, 2022, near Inverness, Florida (Doc. 1, p. 2, ¶8).

After initiating this matter, the petitioners filed a Motion to Approve Ad Interim Stipulation and Enter Monition and Injunction (Doc. 2). I granted that motion and, thus, directed the Issuance of Monition and Notice and stayed all actions or proceedings against the petitioners arising out of the July 15, 2022, incident until final determination (see Doc. 9). The petitioners state that they have complied with the public notice requirement (Doc. 18, p. 2). Further, the petitioners state that they have served notice of the action to each person that the petitioners anticipated may have a potential claim (id.). The deadline for receipt of claims and answers has expired and, to date, no claimants have filed an answer and claim in this matter.

Thus, the petitioners moved for Clerk's default against any potential claimants who failed to file or otherwise state a claim (Doc. 14). Thereafter, the clerk entered default (Docs. 15, 16). After entry of default, the petitioners filed the present Motion for Default Judgment (Doc. 18).

II.

Pursuant to Rule 55(b)(2), Fed.R.Civ.P., a party may seek from the court a default judgment for the amount of the damages caused by the defaulting party. Before entering a default judgment, the court must ensure

2

that it has jurisdiction over the claims and the parties and, further, that the well-pleaded factual allegations of the complaint adequately state a claim upon which relief may be granted. Thus, the Eleventh Circuit discussed the standards governing entry of default judgment in Surtain v. Hamlin Terrace Foundation, 789 F.3d 1239, 1244–45 (11th Cir. 2015):

> When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed.R.Civ.P. 55(b)(2). Because of our "strong policy of determining cases on their merits," however, default judgments are generally disfavored. In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003). "[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir.2005) .... Entry of default judgment is only warranted when there is "a sufficient basis in the pleadings for the judgment entered." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).
>
> ... [W]e have ... interpreted the standard as being akin to that necessary to survive a motion to dismiss for failure to state a claim. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.")
>
> ....
>
> When evaluating a motion to dismiss, a court looks to see whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.

3

> Iqbal, 556 U.S. 662, 678 … (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 … (2007)). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556 …).

Furthermore, "[w]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." System Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY, 242 F.3d 322, 324 (5th Cir. 2001). This procedure is also applicable in maters pursuant to the Limitation of Liability Act. See Wild Florida Airboats, LLC, 2017 WL 3891777 at *2.

"In an action to exonerate or limit liability from claims arising out of maritime accidents, the Supplemental Rules set forth strict deadlines for providing notice to potential claimants and filing claims." In re Newport Freedog, LLC, No. 8:18-cv-647-23-AEP, 2018 WL 3687986 at *2 (M.D. Fla July 16, 2018), report and recommendation adopted sub nom. Newport Freedog, LLC, v. Pepin, 2018 WL 3656475 (M.D. Fla. Aug. 2, 2018). Thus, Supplemental Rule F(4) states:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the

4

court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Once notice has been given, "[c]laims shall be filed and served on or before the date specified in the notice provided." Fed. R. Civ. P. Supp. F(5). Further, "[i]f a claimant desires to contest either the right to exonerate from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer." Id.

In matters pursuant to Supplemental Rule F, default judgment will be entered against any potential claimant who has failed to respond to a public notice of a complaint for exoneration from or limitation of liability within the established notice period, provided that such notice complies with the applicable rules. See Fed. R. Civ. P. Supp. F(4).

Here, the petitioners have satisfied the discussed requirements. Importantly, no potential claimants to this action have filed answers or

5

claims or otherwise appeared. Thus, it is appropriate for the request for default judgment to be granted.

### III.

For the foregoing reasons, I recommend that:

1. That the Petitioner's Motion for Default Judgment (Doc. 18) be granted.

2. That default judgment be entered against all potential claimants that have not filed a claim against the petitioners.

3. That the petitioners be exonerated from any responsibility, loss, damage or injury, and from any and all claims arising out of the July 15, 2022, incident against all potential claims who failed to otherwise state a claim.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: November 15, 2023.

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline

6

to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.